IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JERRY LAWSON,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 22-CV-3672** |
| : | |
| **CITY OF PHILADELPHIA,** *et al.*, : | |
| Defendants. : | |

## ORDER

**AND NOW**, this 2nd day of May, 2023, upon consideration of Plaintiff Jerry Lawson's Second Amended Complaint (ECF No. 15), Motion for Order to Show Cause, for Preliminary Injunction, and for Temporary Restraining Order (ECF No. 18), and Motion to Appoint Counsel (ECF No. 18), it is **ORDERED** that:

1. For the reasons discussed in the Court's Memorandum, Lawson's Second Amended Complaint is **DISMISSED IN PART** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim as follows:

    a. All individual capacity claims against Commissioner Blanche Carney are **DISMISSED WITH PREJUDICE**.

    b. All official capacity claims and claims against the City of Philadelphia are **DISMISSED WITH PREJUDICE**. The City of Philadelphia shall remain a Defendant in this case for purposes of service only.

    c. All claims based on the conditions of confinement and access to the law library are **DISMISSED WITH PREJUDICE**.

2. For the reasons set forth in the Court's Memorandum, Lawson's Motion for Order to Show Cause, for Preliminary Injunction, and for Temporary Restraining Order (ECF No. 18) is **DENIED**, and

3. For the reasons set forth in the Court's Memorandum, Lawson's Motion to Appoint Counsel (ECF No. 17) is **DENIED WITHOUT PREJUDICE**.

4. The Clerk of Court is **DIRECTED** to terminate Commissioner Blanche Carney as a Defendant in this case.

5. Lawson's remaining claims based on retaliation and deliberate indifference to medical needs will be served for a responsive pleading.

6. The Clerk of Court is **DIRECTED** to add the following individuals as Defendants in this case: Corrections Officer Keys, Nurse Houston, Ms. King, Ms. Allander, Ms. Clay, Ms. Olliver, John Doe Dentist, John Doe Nurse, Nurse Clay, Nurse Erving, and Jane Doe Nurses and Doctors.

7. The Clerk of Court shall issue summonses to Defendants Corrections Officer Keys, Nurse Houston, Ms. King, Ms. Allander, Ms. Clay, Ms. Olliver, Nurse Clay, and Nurse Erving, so that Lawson can proceed on his claims against them. Service of the summonses and the Second Amended Complaint, along with a copy of this Order and accompanying Memorandum, shall be made upon the Defendants by the U.S. Marshals Service. Lawson will be required to complete USM-285 forms so that the Marshals can serve the Defendants. Failure to complete those forms may result in dismissal of this case.

8. Service shall be made upon any John or Jane Doe Defendants if and when Lawson provides sufficient identifying information to allow for service.

9. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be

served upon counsel for all other parties (or directly on any party acting *pro se*).  Service may be made by mail.  Proof that service has been made is provided by a certificate of service.  The certificate of service should be filed in the case along with the original papers and should show the day and manner of service.  An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
>        (Signature)"

10. Any request for court action shall be set forth in a motion, properly filed and served.  The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.  The Federal Rules of Civil Procedure and Local Rules are to be followed.  Lawson is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days.  Failure to do so may result in dismissal.

11. Lawson is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  Lawson shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

12. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk of Court.

13. In the event a summons is returned unexecuted, it is Lawson's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

14. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**